IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Maria I. Crowe, | ) | C.A. No. 8:08-3665-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| Jane Gilstrap Vaughn, Phillip | ) | |
| E. Huguley and Allstate Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Allstate Insurance Company's ("Allstate") motion to dismiss without prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, motion to sever claims and state proceedings and to strike portions of Plaintiff's complaint. The Plaintiff never responded to Allstate's motion. This matter is ripe for ruling.

This case arises as the result of an automobile accident that occurred on October 14, 2007. The Plaintiff alleges that she was injured due to the negligence of Jane Gilstrap Vaughn ("Vaughn"), who was driving a vehicle that allegedly crossed the center line and struck the vehicle in which the Plaintiff was a passenger. (Compl. ¶ 4.) Phillip E. Huguley ("Huguley") owned the vehicle Vaughn was driving. (Id.)

In addition, the Plaintiff alleges claims for breach of contract/breach of duty, bad faith, and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann.

1

§ 38-59-20, et. seq., against Allstate, arguing that Allstate has failed to pay underinsured motorist benefits ("UIM"). Allstate alleges that the Plaintiff's complaint "presently fails to state a cause of action upon which relief can be granted, and since Plaintiff's case and controversy against Allstate cannot be adequately adjudicated until such time as the pending [UIM] tort action is resolved by settlement or final judgment." (Allstate's Mot. Dismiss 1.) The court agrees. The Plaintiff's breach of contract claim alleging that Allstate has failed to pay UIM benefits is subject to dismissal.

> As Allstate noted in its memorandum:
>
> Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist [("UM")]. Such an action is one Ex delicto and the only issues to be determined therein are the liability and the amount of damage. After judgment is entered against the uninsured motorist, a direct action Ex contractu can be brought to recover from the insurance company on its endorsement and in such action policy defenses may be properly raised by the insurance company.

Lawson v. Porter, 180 S.E.2d 643, 644 (S.C. 1971). While Lawson concerned uninsured motorist benefits, the statutory procedures for UIM and UM are identical. Hence, the procedure set forth in Lawson applies to UIM benefits.

Further, the Plaintiff's bad faith action is also subject to dismissal. "Bad faith refusal to pay first party benefits under a contract of insurance includes: (1) the existence of a mutually binding contract of insurance between plaintiff and defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." Howard v. State Farm, 450 S.E.2d 582, 586 (S.C. 1994). The

Plaintiff cannot allege that benefits are due under the insurance contract because the Plaintiff has not obtained a judgment against the alleged tortfeasors.

Finally, the Plaintiff's SCUTPA claim also fails as a matter of law because S.C. Code Ann. § 39-5-40(c) "exempts from coverage of SCUPTA all unfair trade practices in the business of insurance." Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 132 (D.S.C. 1994).

It is therefore

**ORDERED** that Allstate's motion to dismiss without prejudice, docket number 7, is granted.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
December 2, 2008